Argued October 28, 1970, reversed and remanded
January 13, 1971

# BILBAO, *Respondent, v.* PACIFIC POWER & LIGHT COMPANY, *Appellant.*

479 P2d 226

*David P. Templeton*, Portland, argued the cause for appellant. With him on the briefs were John C. Beatty, Jr., Charles Robinowitz, and Dusenberry, Martin, Beatty, Bischoff & Templeton, Portland.

*Burl L. Green*, Portland, argued the cause for respondent. With him on the brief were Green, Richardson, Griswold & Murphy, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN and HOWELL, Justices.

HOWELL, J.

This is an action for personal injuries sustained by plaintiff when she fell over a cable on land owned and maintained by defendant. A judgment was entered on a verdict for the plaintiff, and defendant appeals.

For its first assignment of error the defendant contends that the trial court erred in refusing to direct a verdict in its favor.

For several years the defendant has maintained a portion of its land at Lake Merwin, Washington, as a public recreation area for swimming, boating and picnicking. No fees are charged. The defendant constructed in the lake a float which was anchored to the shore by a metal cable approximately one inch in diameter.

On the day of the accident the plaintiff, her husband and her three children were attending a picnic at the lake. The plaintiff became apprehensive about her small daughter who was playing in the water at the edge of the lake, ran to help her, and tripped and fell over the cable, sustaining injuries to her hand.

Plaintiff alleged that the defendant was negligent in failing to mark the cable and in failing to warn plaintiff "by a sign or otherwise" of the exposed cable.

The parties have stipulated that the Washington statute, RCW 4.24.210, applies to this case. That statute and the preceding section provide as follows:

"4.24.200 Liability of agricultural or forest landowners for injuries to recreation users—Purpose. The purpose of RCW 4.24.200 and 4.24.210 is to encourage owners of land to make available land and water areas to the public for recreational purposes by limiting their liability toward persons entering thereon and toward persons who may be injured or otherwise damaged by the acts or omissions of persons entering thereon. [1967 ch 216 § 1].

"4.24.210—Limitation. *Any landowner who allows members of the public to use his agricultural or forest land for the purposes of outdoor recreation*, which term includes hunting, fishing, camping, picnicking, hiking, pleasure driving, nature study, winter sports, viewing or enjoying historical, archaeological, scenic, or scientific sites, without charging a fee of any kind therefor, *shall not be liable for unintentional injuries to such users*: *Provided, That nothing in this section shall prevent the liability of such a landowner for injuries sustained to users by reason of a known dangerous artificial latent condition for which warning signs have not been conspicuously posted*: *Provided further*, That nothing in RCW 4.24.200 and 4.24.210 limits or expands in any way the doctrine of attractive nuisance. [1967 ch 216 § 2]." (Emphasis supplied.)

The parties have devoted substantial portions of their respective briefs to an attempt to classify the status of the plaintiff—either as a licensee, as the

defendant contends, or as an invitee, as the plaintiff contends.

The defendant argues that RCW 4.24.200 and RCW 4.24.210 were adopted by the legislature in reaction to the decision of the Washington Supreme Court in *McKinnon v. Wn. Fed. Sav. & Loan Ass'n,* 68 Wash 2d 644, 414 P2d 773 (1966). There, an adult leader of a girl scout troop was injured while attending a meeting at a building owned by defendant and made available to the girl scouts without charge. The court held that plaintiff was an invitee and that the defendant had a duty to exercise reasonable care to make the premises safe for the purpose for which they were held open to the public.

The defendant also argues that the Washington Legislature, in enacting RCW 4.24.210, intended to limit the liability of owners of recreational land and to charge such owners with the duty owed to mere licensees—to refrain from willful or wanton misconduct. *Dotson v. Haddock,* 46 Wash 2d 52, 278 P2d 338 (1955).

It is not necessary that we categorize plaintiff's status under common law principles relating to invitees or licensees. Plaintiff's status and the defendant's duty to plaintiff are clearly defined by the Washington statute, RCW 4.24.210, which the parties agree applies to this case. Plaintiff was a member "of the public" using the defendant's land "for the purpose of outdoor recreation." The defendant is liable for "injuries sustained * * * by reason of a known dangerous artificial latent condition for which warning signs have not been conspicuously posted * * * "

■ The trial court properly overruled the defend-

ant's motion for a directed verdict. It was for the jury to decide from the evidence produced whether the cable was a "known dangerous artificial latent condition for which warning signs have not been conspicuously posted" under the terms of the statute. The evidence disclosed that the cable was rusty in color, unpainted, and not readily discernible because it blended with the color of the ground. One witness testified that the cable was not readily visible from a distance of eight to ten feet. Another witness testified that she also tripped over the cable on the same day of plaintiff's accident. The cable extended about four inches above the ground and many people, including children, walked and played in this area. No attempt was made to mark the cable or place signs warning of its presence. Under these circumstances we cannot say as a matter of law that the cable was not a known dangerous artificial latent condition.

For its second assignment of error the defendant contends that the court erred in giving the following instruction regarding an invitee and the duty owed by the defendant toward an invitee:

"* * * Under the circumstances of this case, there was also what is known in law as 'invitee.'

"The defendant owed a duty toward such invitees to refrain from active negligence against them, to keep the premises in a reasonably safe condition for the purposes or use contemplated, and to warn them of hidden dangers about which the defendant knew and which would not be apparent to the invitee.

"Basically then, the land owner owes to invitees the duty to keep the premises in a reasonably safe condition, make reasonable inspection to determine whether there are any latent defects or other matters which should be repaired, and to give such warning to the invitee as may be reasonably

necessary for his or her protection under the circumstances for any artificial condition on the premises which may create an unreasonable risk of danger.

"* * * * *

"Also in the absence of appearance that would caution a reasonable prudent person in a like position to the contrary, the invitee has the right to assume that the premises she was invited to enter and use are reasonably safe under the purposes for which the invitation was extended, and to act on that assumption."

■ In effect, the court told the jury that plaintiff was an invitee and that the defendant owed her a duty to keep the premises in a reasonably safe condition for her protection. This instruction imposed a higher duty upon the defendant than the duty imposed by the Washington statute, and the court erred in giving such instruction. It is true that the court also read the statute, RCW 4.24.210, to the jury and instructed the jury that they must determine if the cable constituted a hidden danger known to defendant and not apparent to plaintiff in the exercise of reasonable care. However, the court did not tell the jury that plaintiff's status and defendant's duty to plaintiff were to be determined according to the statute. By instructing the jury regarding both the duty owed to plaintiff as an invitee and the duty owed to plaintiff under the statute, the court in effect left it up to the jury to decide which instruction applied to the parties in this case.

The court should have confined the instruction to plaintiff's status under the statute and to the question of whether the cable constituted "a known dangerous artificial latent condition for which warning signs have not been conspicuously posted."

Reversed and remanded for a new trial.