[No. 11714-6-III.   Division Three.   April 9, 1992.]

DUANE VAN DINTER, *Appellant,* v. THE CITY OF KENNEWICK, *Respondent.*

*David R. Hevel* and *David R. Hevel Law Offices,* for appellant.

*William L. Cameron, City Attorney,* for respondent.

THOMPSON, J. — Duane Van Dinter appeals the summary dismissal of his negligence action against the City of Kenne-wick for injuries he received when he ran into a playground toy located in a city park. We affirm.

On August 4, 1989, Mr. Van Dinter attended a birthday party at Kenneth E. Serier Park in Kennewick. He engaged in a water fight with one of the children present. While chasing the child, he ran along the northern perimeter of a caterpillar shaped climbing toy. Mr. Van Dinter stopped in front of the head of the caterpillar, facing the child. When the child ran off to his left, Mr. Van Dinter moved sideways and struck one of the caterpillar's antennae. The antennae were metal pieces attached to the caterpillar's head at a height of about 5 feet from the ground. They protruded to within 3 to 4 inches of the outside edge of a pebble border area surrounding the toy. Mr. Van Dinter broke his glasses

and sustained a serious injury to his right eye. He subsequently instituted this action for damages.

The City moved for summary judgment, contending it was immune under RCW 4.24.210, which provides landowner shall not be liable for unintentional injuries to recreational users unless such injuries are caused by a "known dangerous artificial latent condition . . .". The former statute reads:

> Any public or private landowners or others in lawful possession and control of any lands whether rural or urban . . . who allow members of the public to use them for the purposes of outdoor recreation, . . . without charging a fee of any kind therefor, shall not be liable for unintentional injuries to such users: . . . *Provided further*, That nothing in this section shall prevent the liability of such a landowner or others in lawful possession and control for injuries sustained by users by reason of a *known dangerous artificial latent condition* for which warning signs have not been conspicuously posted: . . .[1]

(Italics ours.) The City argued that the danger of running into the protruding metal antennae was obvious, not latent.

In Mr. Van Dinter's affidavit in opposition to the City's motion for summary judgment, he stated that prior to the accident he noticed the toy and the border which surrounded it. However, he paid no attention to the details of construction or the size and configuration of the border. He continued:

> I felt that as long as I was on the grass, I was safe from the pieces of playground equipment that were within borders. I did not realize that there was a hazard that someone on the grass could collide with the equipment.
>
> . . . .
> . . . I felt the grass area was safe from such hazards, and I did not leave the grass area of the park and enter the caterpillar's border area until the very moment that I struck the caterpillar's antenna with my right eye.

Mr. Van Dinter submitted a copy of specifications for installation of the caterpillar, provided by its manufacturer. Those specifications state the height of the toy is 7 feet 3 inches, when installed. The height of the toy here measured 5 feet.

---

[1]The statute was amended in 1991, but the changes do not affect the provisions at issue in this appeal. *See* Laws of 1991, ch. 50, § 1; ch. 69, § 1.

The specifications further state: "A maximum depth of 12" of well-maintained loose surfacing should be placed under all equipment, extending at least six feet in all directions surrounding equipment." The record also contains a copy of the guidelines published by the Consumer Product Safety Commission, which recommends an 8-foot border. The border here extended only 3 to 4 inches beyond the end of the antennae.

The court entered an order of summary judgment in favor of the City. The dispositive issue on appeal is whether the caterpillar presented a "latent" condition, as that term is used in the statutory exception to the landowner immunity provided for in RCW 4.24.210.[2]

In arguing the condition here was latent, Mr. Van Dinter relies upon *Preston v. Pierce Cy.*, 48 Wn. App. 887, 888, 741 P.2d 71 (1987). There, a 6-year-old boy broke his ankle when his foot slipped into the exposed moving parts of the center section of a merry-go-round located at a county park. The parts had been covered with a fiberglass dome, and maintenance workers testified they were aware the cover had been removed and had started the process to repair it. *Preston*, at 891-92. The court held at pages 892-93: "[A]lthough the merry-go-round's internal mechanism was clearly visible, indicating a patent condition, the evidence suggests that its *injury causing aspects* were not readily apparent or were 'latent' to both Titus Preston, the recreational user, and his mother." Consequently, the County was not immune from liability under RCW 4.24.210.

The City maintains the caterpillar constituted a patent condition, relying upon *Gaeta v. Seattle City Light*, 54 Wn. App. 603, 774 P.2d 1255, *review denied*, 113 Wn.2d 1020 (1989). In *Gaeta*, the plaintiff was injured while crossing the Diablo Dam on his motorcycle. On the east side of the roadway atop the dam are parallel tracks, approximately 5 feet apart. The tracks are utilized by "mules", which are devices for raising the floodgates. Each track has a groove adjacent to it approximately 2½ inches wide, which allows

---

[2]Mr. Van Dinter agrees he was a recreational user.

the wheels of the mule to run along the track. The plaintiff did not notice the tracks until he found himself between them. He became apprehensive because the tracks were slippery, and decided to get back onto the road. In doing so, he jammed his motorcycle wheel into the groove, fell, and sustained personal injuries.

■ *Gaeta* agreed with *Preston* that a "latent" condition is one which is not readily apparent to the recreational user. *Gaeta*, at 609. However, the court criticized *Preston*'s holding that although the merry-go-round's internal mechanism was clearly visible, " 'its injury causing aspects' " were not readily apparent and were therefore latent. *Gaeta*, at 610. According to *Gaeta*, "the [*Preston*] court incorrectly applied latent to the term 'dangerous'. We believe [RCW 4.24.210] properly interpreted would apply the term 'latent' to the condition, which in this case would be the tracks for the 'mule' ". *Gaeta*, at 610. *Gaeta* held at page 610 that since the tracks were obvious, they were not a latent condition.[3]

We agree with *Gaeta* that the term "latent", as used in RCW 4.24.210, refers to the condition itself. We base our decision on the purpose and history of RCW 4.24.210, which indicate the Legislature intended to relieve landowners of liability for injuries caused by an obvious condition, even if the injury-causing aspects of the condition were not recognized by the user.

Specifically, RCW 4.24.210 was enacted against the background of the common law. *Morgan v. United States*, 709 F.2d 580, 583 (9th Cir. 1983). The statute changed the com-

---

[3]The issue of what constitutes a latent condition under Washington's recreational use statute also was addressed in *Power v. Union Pac. R.R.*, 655 F.2d 1380, 1388 (9th Cir. 1981) and *Bilbao v. Pacific Power & Light Co.*, 257 Or. 360, 363-64, 479 P.2d 226, 228 (1971). In *Power*, the plaintiff's decedent was struck and killed by a locomotive while she stood on a railroad track. The court held the presence of a speeding locomotive could not be considered latent because the tracks were sufficient to put a reasonable person on notice a train may appear. In *Bilbao*, the court upheld a verdict for the plaintiff, holding that the injury-causing device, a rusty cable which blended with the color of the ground, was a latent condition. *See also* Annot., *Effect of Statute Limiting Landowner's Liability for Personal Injury to Recreational User*, 47 A.L.R.4th 262 § 25, at 364 (1986).

mon law by altering an entrant's status from that of a trespasser, licensee, or invitee to a new statutory classification of recreational user. *Morgan.* The Legislature's purpose in changing the entrant's status was " 'to encourage owners . . . to make [land] available to the public for recreational purposes by limiting their liability toward persons entering thereon . . .' ". *Morgan,* at 583 (quoting RCW 4.24.200).

Under the common law, Mr. Van Dinter would have been classified as a public invitee. *See McKinnon v. Washington Fed. Sav. & Loan Ass'n,* 68 Wn.2d 644, 414 P.2d 773 (1966). While a landowner generally is *not* liable to invitees for harms caused by conditions whose dangers are known and obvious, a different result obtains if the possessor should anticipate the harm *despite* such knowledge or obviousness. Restatement (Second) of Torts § 343A, at 218 (1965).[4] "[R]eason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious . . .". Restatement (Second) of Torts § 343A, comment *f*, at 220. Thus, absent RCW 4.24.210, the landowner is liable for injuries caused by an obvious condition of his land which he should expect the invitee will not discover because of the circumstances surrounding his use of the property. If we were also to interpret RCW 4.24.210 to provide for landowner liability for injuries caused by patent conditions which the owner should expect the user not to discover, we would effectively convert recreational users back to their common law status as public invitees. Such an interpretation would defeat the purpose of RCW 4.24.210 to increase the availability of recreational land by limiting the landowner's tort liability.

■ ■ Here, the metal antennae protruding from the caterpillar's head were obvious. Mr. Van Dinter does not contend the antennae could not be seen, or that they blended

---

[4]The section has been cited in numerous Washington Court of Appeals cases, including *Jarr v. Seeco Constr. Co.*, 35 Wn. App. 324, 326, 666 P.2d 392 (1983).

into their surroundings. What he contends is that the City should have anticipated that persons using the park in the expected manner — running and playing — would have their attention distracted and would not discover the obvious. Under the common law, the City might be liable for Mr. Van Dinter's injuries. But RCW 4.24.210 converts Mr. Van Dinter's common law status as an invitee to that of a recreational user. In doing so, it immunizes the City from liability for injuries caused by obvious conditions, even if the plaintiff reasonably failed to discover the danger.

We therefore hold the caterpillar was not a latent condition as that term is used in RCW 4.24.210. The court properly entered summary judgment dismissing Mr. Van Dinter's action.

■ Mr. Van Dinter next contends the trial court abused its discretion when it denied his CR 56(f) motion for additional time for discovery. CR 56(f) provides:

> **(f) When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Review of a trial court's ruling on a request for continuance under CR 56(f) is under the manifest abuse of discretion standard. *Lewis v. Bell*, 45 Wn. App. 192, 196, 724 P.2d 425 (1986).

Mr. Van Dinter's action was commenced on March 13, 1991. The City's motion for summary judgment was made on April 24, 1991. By affidavit filed May 21, 1991, Mr. Van Dinter's attorney requested more time for discovery. He stated:

> If the plaintiff is allowed to continue to develop the liability case in an orderly fashion, it is probable that the plaintiff will discover that the City of Kennewick has ignored or violated various manufacturer instructions, or industry or government guidelines, by putting such inadequate borders around this particular caterpillar. Also, it is likely that one or more experts will provide affidavits or testimony indicating that the City of

Kennewick was negligent, and created an artificial dangerous latent condition that was known to the City of Kennewick.

■ In *Powers v. McGuigan*, 769 F.2d 72, 76 (2d Cir. 1985), the court stated that "where the discovery sought would not meet the issue that the moving party contends contains no genuine issue of fact, it is not an abuse of discretion to decide the motion for summary judgment without granting discovery".

The dispositive issue here is whether the caterpillar constituted a latent condition under RCW 4.24.210. We have held that the condition was obvious. The discovery sought by Mr. Van Dinter was directed at proving the City installed the caterpillar in a manner which made it likely park users would not discover the obvious danger. Thus, the court did not abuse its discretion in denying Mr. Van Dinter additional time. *See Powers*.

Finally, the City requests attorney fees pursuant to RAP 18.9, contending Mr. Van Dinter's appeal was frivolous.

> The rules of appellate procedure permit an award of attorney fees to a prevailing respondent in a frivolous appeal. An appeal is frivolous when there are no debatable issues upon which reasonable minds could differ and when the appeal is so totally devoid of merit that there was no reasonable possibility of reversal. The record should be examined as a whole, and doubts should be resolved in favor of the appellant.

(Citations omitted.) *Mahoney v. Shinpoch*, 107 Wn.2d 679, 691-92, 732 P.2d 510 (1987).

■ Mr. Van Dinter's appeal is not frivolous. His argument that the caterpillar posed a latent danger is supported by the *Preston* opinion. The comment to RAP 18.9 states: "An appeal is not frivolous if the appellant cites a case supporting its position."

We therefore deny fees.

Affirmed.

SHIELDS, C.J., and MUNSON, J., concur.

Review granted at 119 Wn.2d 1013 (1992).