[No. 59275-6. En Banc. March 4, 1993.]

DUANE VAN DINTER, *Petitioner*, v. THE CITY OF KENNEWICK, *Respondent.*

*David R. Hevel*, for petitioner.

*William L. Cameron*, for respondent.

*Bryan P. Harnetiaux* and *Gary N. Bloom* on behalf of Washington State Trial Lawyers Association, amicus curiae for petitioner.

*Andrew G. Cooley* on behalf of Washington Defense Trial Lawyers Association, amicus curiae for respondent.

GUY, J. — Duane Van Dinter was injured when he struck his eye on a rod protruding from a piece of playground equipment at a Kennewick city park. The trial court dismissed Van Dinter's negligence action against Kennewick on the ground that the City is immune under Washington's recreational use statute, RCW 4.24.210. The Court of Appeals affirmed. We affirm the Court of Appeals.

I

On August 4, 1989, Van Dinter attended a birthday party at a park in Kennewick. Located in this park is a caterpillar-shaped piece of playground equipment designed for children to climb on. The "caterpillar" sits inside an area covered with gravel and bordered by wooden beams. The surrounding area is grass covered. Metal rods intended to represent antennae protrude from the caterpillar's head.

During the party, Van Dinter and one of the children present became engaged in a water-fight game near the caterpillar. Van Dinter turned suddenly while chasing the child, and in doing so struck his right eye on one of the caterpillar's antennae. His dark glasses shattered, and he suffered a serious injury leaving him disfigured and almost blind in his right eye. The accident occurred when Van Dinter was on the grassy area next to the caterpillar. He states that he did not realize someone on the grass could collide with any part of the caterpillar.

Van Dinter sued the City of Kennewick alleging the City had negligently caused his injury by installing the caterpillar without a sufficiently wide buffer separating it from the surrounding grassy area. To show the City's negligence, Van Dinter submitted a copy of installation specifications from the caterpillar's manufacturer. Those specifications indicate that the installed caterpillar's height should be 7 feet 3 inches, and that an area of "well-maintained loose surfacing" should extend at least 6 feet in all directions surrounding the caterpillar. Clerk's Papers, at 21-22. Van Dinter also submitted guidelines published by the Consumer Product Safety Commission, which recommend an 8-foot border around playground equipment. The caterpillar here was only about 5 feet high, and its border extended only 3 to 4 inches beyond the end of the antennae.

In its answer, the City denied liability and moved for summary judgment on the ground that it was immune under RCW 4.24.210, which generally immunizes property owners from liability for all injuries occurring on their property to recreational users except those injuries resulting from a "known dangerous artificial latent condition". The City also requested sanctions against Van Dinter for filing a frivolous claim. The trial court granted Kennewick's summary judgment motion but refused to impose sanctions. The Court of Appeals affirmed the summary judgment and also declined to impose attorney fees. *Van Dinter v. Kennewick*, 64 Wn. App. 930, 827 P.2d 329 (1992). We granted Van Dinter's petition for review.

## II

Under the common law, the duty of care landowners owe to persons entering upon their land is governed by whether the person is a trespasser, a licensee, or an invitee. *See generally* W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* §§ 58-61 (5th ed. 1984) (hereinafter *Prosser & Keeton on Torts*). A landowner generally owes trespassers and licensees the duty to refrain from willfully or wantonly injuring them, whereas to invitees the landowner owes an

affirmative duty to use ordinary care to keep the premises in a reasonably safe condition. *McKinnon v. Washington Fed. Sav. & Loan Ass'n*, 68 Wn.2d 644, 648, 414 P.2d 773 (1966); *see generally* Barrett, *Good Sports and Bad Lands: The Application of Washington's Recreational Use Statute Limiting Landowner Liability*, 53 Wash. L. Rev. 1 (1977-1978). The category of invitees was traditionally restricted to only those whose presence was of potential economic benefit to the landowner. Because of the harsh results this narrow classification could cause, many jurisdictions, including Washington, adopted a more inclusive definition of invitee. *See McKinnon*, at 650-51 (rejecting economic benefit test as sole definition of invitee in Washington); *see generally* Barrett, 53 Wash. L. Rev. at 1-2; *Prosser & Keeton on Torts* § 61. Under this more inclusive definition, an invitee was any person who entered upon the land after having been led by the landowner to believe "that the premises were intended to be used by visitors, as members of the public, for the purpose which the entrant was pursuing, and that reasonable care was taken to make the place safe for those who enter for that purpose." *McKinnon*, at 649. This redefinition expanded the category of invitees, thereby increasing the potential liability of landowners.

Many state legislatures responded to this expansion by enacting recreational use laws, which were intended to inspire landowners to make their lands available to the public by reducing their potential liability. Barrett, 53 Wash. L. Rev. at 2. Thus Washington's recreational use statute, RCW 4.24-.210, was enacted in order "to encourage owners or others in lawful possession and control of land and water areas or channels to make them available to the public for recreational purposes by limiting their liability toward persons entering thereon". RCW 4.24.200. The Legislature sought to achieve this recreational goal by eliminating landowner liability except in three situations: (1) when the entrant is charged a "fee of any kind", (2) when the entrant is injured

by an intentional act, or (3) when the entrant sustains injuries "by reason of a known dangerous artificial latent condition for which warning signs have not been conspicuously posted." Former RCW 4.24.210.[1]

## III

The dispute in the present case is whether Van Dinter's injuries were caused by a "known dangerous artificial latent condition", as provided by RCW 4.24.210. We begin by inquiring as to what "condition" of the Kennewick city park caused Van Dinter's injuries. On the one hand, the City, joined by amicus curiae the Washington Defense Trial Lawyers Association, contends that the condition was the caterpillar. The Court of Appeals also assumed this is the correct view. *Van Dinter*, at 933. On the other hand, Van Dinter identifies the proximity of the caterpillar to the grassy area as the cause of his injury. In support of this view, amicus curiae the Washington State Trial Lawyers Association (WSTLA) asserts that the "condition" for purposes of RCW 4.24.210 should be defined as "the injury-causing instrumentality itself and its relatedness to the external circumstances in which the instrumentality is situated, or operates." Brief of Amicus Curiae WSTLA, at 4.

We agree with Van Dinter and WSTLA that the cause of Van Dinter's injury cannot properly be regarded as the caterpillar in isolation from its surroundings. Van Dinter

---

[1]RCW 4.24.210 was amended in 1992 and 1991, but the changes do not affect the provisions at issue in this appeal. *See* Laws of 1992, ch. 52, § 1(3); Laws of 1991, ch. 50, § 1, ch. 69, § 1. The former statute provided:

Any public or private landowners or others in lawful possession and control of any lands whether rural or urban, or water areas or channels and lands adjacent to such areas or channels, who allow members of the public to use them for the purposes of outdoor recreation . . . without charging a fee of any kind therefor, shall not be liable for unintentional injuries to such users . . . *Provided* . . . That nothing in this section shall prevent the liability of such a landowner or others in lawful possession and control for injuries sustained to users by reason of a known dangerous artificial latent condition for which warning signs have not been conspicuously posted . . ..

was injured while playing on the grassy area next to the caterpillar. He contends, and the facts reasonably support this contention, that if the border around the graveled area surrounding the caterpillar had been larger, his injury never would have occurred. The caterpillar was thus not in itself causally sufficient to have caused the accident. Rather, as Van Dinter contends, the condition of the park that caused his injury was the caterpillar's placement, that is, its proximity to the grassy area.

■■ Identifying the condition that caused Van Dinter's injury is a factual determination. Because the trial court ruled against Van Dinter on summary judgment, all facts and reasonable inferences therefrom must be construed in the light most favorable to Van Dinter. *See Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). To view the caterpillar or some part of it, such as the antennae, as having been the injury-causing condition would be to artificially isolate some particular aspect of the total condition that caused Van Dinter's injury. We also must give Van Dinter the benefit of every reasonable inference that can be drawn from the facts. Consequently we hold that the condition that caused Van Dinter's injury was the caterpillar's placement, rather than the caterpillar as viewed in isolation.

## IV

We next consider whether the condition by reason of which Van Dinter was injured was "known dangerous artificial [and] latent", as required under RCW 4.24.210 before landowner tort liability can arise. The parties dispute only whether the injury-causing condition was latent.

■ The meaning of "latent" in RCW 4.24.210 is somewhat unclear, especially in light of the juxtaposition of the terms "known" and "latent". The incongruity of saying that one and the same condition is both known and latent was recognized during the law's passage and explained by reference to what is *known to the landowner* but *latent as regards the recreational user*. Senate Journal, 40th Legislature (1967), at 875; *see Morgan v. United States*, 709 F.2d 580, 583 (9th Cir.

1983). For example, a condition such as a partially covered well may not be readily apparent to the recreational user.[2] In such a situation landowner liability can arise under RCW 4.24.210 only if the landowner knows about the condition. "Latent" in RCW 4.24.210 therefore means not readily apparent to the recreational user.

Van Dinter relies on *Preston v. Pierce Cy.*, 48 Wn. App. 887, 741 P.2d 71 (1987), in which a young child broke his ankle when his foot slipped into the exposed moving parts of the center section of a merry-go-round located in a Pierce County park. The trial court dismissed on summary judgment the child's suit against the County. The Court of Appeals reversed. The court reasoned that "although the merry-go-round's internal mechanism was clearly visible, indicating a patent condition, the evidence suggests that its injury causing aspects were not readily apparent or were 'latent' to both [the child] . . . and his mother." 48 Wn. App. at 892-93. The court therefore held that RCW 4.24.210 did not immunize the County from liability as a matter of law. Van Dinter argues that under *Preston*, a condition is latent for purposes of RCW 4.24.210 if its injury-producing aspect is not readily apparent to the ordinary recreational user. He then asserts that while the caterpillar was obvious, its injury-causing aspect was not. Consequently, according to Van Dinter, the condition was latent, and RCW 4.24.210 is no bar to his action.

---

[2]This example was offered as explanation of the meaning of "latent" and "known" during passage of the bill.later codified as RCW 4.24.210. " 'Latent is something which does not meet the common eye. Let me give you an example. Senator Donohue buys a section of range land. He has not explored it foot by foot. Someone says, "Can I hunt on this range land?" and the Senator says, "Yes, you can hunt." Unbeknownst to Senator Donohue, the prior owner somewhere dug a well and didn't properly cover it. Now this is an artificial, latent defect — artificial because man made, latent because it appears to be covered and isn't. Senator Donohue has not personally explored this whole section. This amendment says that the Senator does not have to post something he doesn't know about. If there is an open well that he knows about, he has to post it. But he shouldn't be liable for something on this land that he doesn't know about.' " Senate Journal, 40th Legislature (1967), at 875 (statement of Senator Perry Woodall responding to question from Senator Fred Dore).

We disagree. The caterpillar as well as its injury-causing aspect — its proximity to the grassy area — were obvious. The condition that caused Van Dinter's injury was not latent. Admittedly, it may not have occurred to Van Dinter that he could injure himself in the way he did, but this does not show the injury-causing condition — the caterpillar's placement — was latent. At most, it shows that the present situation is one in which a patent condition posed a latent, or unobvious, danger. RCW 4.24.210 does not hold landowners potentially liable for patent conditions with latent dangers. The condition itself must be latent.

This follows from the language of the statute, which imposes potential liability when the injury occurred by reason of a "known dangerous artificial latent condition". RCW 4.24.210. As written, the four terms — "known", "dangerous", "artificial", and "latent" — modify "condition", not one another. *See Gaeta v. Seattle City Light*, 54 Wn. App. 603, 610, 774 P.2d 1255, *review denied*, 113 Wn.2d 1020 (1989). In particular, "latent" modifies "condition", not "danger". Therefore injuries that result from latent dangers presented by a patent condition are not actionable under RCW 4.24.210. If the Legislature had intended the meaning Van Dinter would give the statute, it could have referred to known artificial conditions having latent dangerous aspects. That is not the language the Legislature used.

We recognize that *Preston* may be interpreted as supporting Van Dinter's position. However, the *Preston* court incorrectly suggests that if the danger presented by the injury-causing condition is latent, then this is enough to satisfy the latency requirement of RCW 4.24.210, even when the condition itself is patent. *Preston*, at 892-93. This interpretation is incorrect because, in effect, it treats "latent" as modifying "dangerous" rather than "condition". We overrule *Preston* to the extent it suggests this interpretation.

*Gaeta v. Seattle City Light, supra*, illustrates the proper interpretation of "latent" in RCW 4.24.210. Gaeta was injured when the tire of the motorcycle he was driving was caught in a

groove in the roadway atop Diablo Dam. The roadway was under the control of Seattle City Light. In its discussion of the question of City Light's immunity under RCW 4.24.210, the court explicitly stated that the term "latent" modifies "condition", not "dangerous". *Gaeta*, at 610. The court then held that because the tracks were obvious, they were not a latent condition and therefore City Light was immune. In the present case, the Court of Appeals properly followed the *Gaeta* court's analysis as regards the latency requirement of RCW 4.24.210. *Van Dinter v. Kennewick*, 64 Wn. App. 930, 934, 827 P.2d 329 (1992).

Van Dinter also argues that the question of latency is a factual question and, as such, is a matter for a jury to decide. However, "when reasonable minds could reach but one conclusion from the evidence presented, questions of fact may be determined as a matter of law, and summary judgment is appropriate." *Central Wash. Bank v. Mendelson-Zeller, Inc.*, 113 Wn.2d 346, 353, 779 P.2d 697 (1989). Here, our review of the record leaves us with the conviction that reasonable minds could only conclude the proximity of the caterpillar to the grassy area was obvious. Therefore, summary judgment was appropriate.

We conclude that the injury-causing condition — the proximity of the caterpillar to the grassy area — was not latent, and therefore that Kennewick is immune under RCW 4.24-.210 from Van Dinter's action.

## V

The City contends that Van Dinter's action is frivolous, and therefore that it is entitled to attorney fees pursuant to RAP 18.9. We disagree.

The viability of Van Dinter's action rests entirely on the interpretation of the latency requirement in RCW 4.24-.210. That interpretation was supported by *Preston*. Therefore Van Dinter's action is not frivolous. *See Green River Comm'ty College Dist. 10 v. Higher Educ. Personnel Bd.*, 107 Wn.2d 427, 730 P.2d 653 (1986) (identifying considerations to guide inquiry pursuant to RAP 18.9).

## VI

We hold that Kennewick is immune from Van Dinter's action under RCW 4.24.210 because the condition by reason of which Van Dinter was injured — the placement of the caterpillar — was patent. We deny Kennewick's request for attorney fees. The Court of Appeals is affirmed.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DURHAM, SMITH, and JOHNSON, JJ., concur.

Reconsideration denied April 5, 1993.