# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MICHAEL A. LEON,<br><br>Appellant,<br><br>v.<br><br>THE BOEING COMPANY; MARC BIRTEL; JOHN DOE 1-50; MARY ROE 1-50; XYZ CORP 1-50; ABC LLC 1-50; the names of the "John Doe 1-50" "Mary Roe 1-50", "XYZ Corp 1-50", and "ABC LLC 1-50", defendants being fictitious, and unknown to the Plaintiff,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 73797-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED<br><br>FILED: January 17, 2017 |

Cox, J. – Following a 2013 battery fire on a Boeing 787, Michael Leon, a former employee of the battery manufacturer, repeatedly sued Boeing and others for alleged false statements they made about Leon and his concerns regarding the battery's safety. Leon's lawsuits culminated in a 2014 federal district court decision declaring him a vexatious litigant and enjoining him from filing similar actions against a list of defendants, including respondents Boeing and Boeing spokesperson Marc Birtel. Shortly thereafter, Leon filed this action against Boeing and Birtel for defamation and tortious interference with a business expectancy. The superior court dismissed the action on summary judgment, ruling it was barred by the doctrine of res judicata and, alternatively, the federal court's vexatious litigant injunction. Leon fails to demonstrate any error in the court's ruling. We affirm.

Leon's lawsuits are largely rooted in statements made in 2013 by representatives of Boeing and the 787 battery manufacturer, Securaplane. The statements, which were published online, challenged Leon's concerns about the 787 batteries, his version of a factory battery fire, and his veracity. Citing these statements, Leon repeatedly sued Boeing, Securaplane, and others utilizing a variety of theories, including defamation, libel, slander, and intentional and negligent infliction of emotional distress.[1]

In September 2014, an Arizona federal district court dismissed one of Leon's suits against Boeing, Securaplane and others.[2] The court ruled that Leon's tort claims were "duplicative" of claims dismissed as meritless in prior actions and dismissed them. The court denied Leon's request to add Boeing spokesperson Marc Birtel to the suit, ruling that the claims against Birtel were equally meritless and the amendment would be futile. The court also dismissed Leon's employment discrimination claim for "post-employment retaliation related to whistle-blowing allegations" he made regarding the 787 battery's safety.

---

[1] See Leon v. Pacific Scientific Energetic Materials Co., Case No. 2:13-CV-00838-MCE-KJN (E.D. Cal. Dismissed July 25, 2013, Dkt. # 5, 8); Leon v. The Boeing Co., Case No. 1:13-CV-02860 (N.D. Ill. Transferred to D. Ariz. July 12, 2013, Dkt. # 23, appeal dismissed, Dkt. # 33); Leon v. Meggitt PLC, Case No. 1:13-CV-00964-UNA (D.D.C. Transferred to D. Ariz. June 26, 2013, Dkt. # 4); Leon v. Exponent, Inc., Case No. 5:13-CV-05481-HRL (N.D. Cal. Dismissed February 10, 2014, Dkt. # 18); Leon v. Exponent, Inc., Case No. 2:14-CV-00095 (W.D. Wash Dismissed February 21, 2014, Dkt. # 11), and Leon v. Meggitt PLC, Case No. 1:13-CV-1679 (E.D. Ill. Transferred January 2, 2014, Dkt. # 40). (Motion for Decl. of Vexatious Litigant (Doc. 63) at 8).

[2] Leon v. Meggitt PLC, No. CV 14-226 TUC DCB, 2014 WL 4681559, at *1-13 (D. Ariz. Sept. 19, 2014), aff'd sub nom. Leon v. Boeing Co., No. 14-17009, 2016 WL 5800479 (9th Cir. Oct. 5, 2016).

The court enjoined Leon "from filing any further actions arising *directly or indirectly* from measures taken by the Plaintiff in respect to the lithium ion battery within the context of his employment relationship with Securaplane, . . . , the Boeing Company, . . . and past or future employees . . . who Plaintiff alleges to be 'representing' these entities."[3] The court stated that "the factual allegations reached by this injunction include, *but are not limited to . . . statements made about Plaintiff and published on the internet in January and February 2013.*"[4] The court also stated that the entities and individuals protected by the injunction included the Boeing Corporation and Marc Birtel.

Despite the injunction, Leon subsequently filed the present action against The Boeing Company and Birtel for defamation and tortious interference with a business expectancy. The defamation claim cited the 2013 statements on the internet and alleged that Birtel and the Boeing Company "acted with negligence or malice when making the false and defamatory statements." The tortious interference claim alleged the defendants intentionally interfered with Leon's ability to obtain employment through "false and defamatory communications" and "with improper motive—greed, retaliation, ill will and deviation from commercial norms."

Respondents moved for summary judgment, arguing that the suit was barred by the doctrine of res judicata and the federal district court's injunction. In

---

[3] Id.

[4] Id. at 12 (some emphasis in original).

response, Leon argued that res judicata did not apply because his tortious interference claim had not been previously litigated and was based in part on recently discovered facts concerning his inability to obtain employment. He also claimed Birtel and The Boeing Company were not defendants in his prior suits, but conceded the Boeing *Corporation* was a defendant in those suits. With respect to the injunction, Leon argued it was overly broad and did not apply in a state court action. Respondents replied that both Birtel and Boeing were parties to several of the prior suits, and that the tortious interference claim, though not previously raised, was barred due to its reliance on the same acts of alleged defamation.

Leon then moved for a continuance to conduct discovery. He did not, however, describe what facts he expected to discover and how they would relate to the issue of res judicata. The court ruled that given "the nature of Defendant's summary judgment motion, no substantive discovery is required to craft a response."

The court subsequently granted summary judgment, ruling that the action was barred both by res judicata and the federal district court's injunction:

> I find that here the elements of res judicata have been met.
> There is an identity of parties between this case that names the Boeing Company and Mr. Birtel, who I might add is a spokesperson as I understand it, for the Boeing Company. And the Defendants do cite to several cases . . . the Arizona courts . . . in the 226 case, the judge had previously made it explicit that his dismissal would apply to Mr. Birtel who Mr. Leon was attempting to explicitly add as a named defendant at the time of the dismissal.
> There are other cases -- the Western District of Washington case that was dismissed by Judge Jones, also named Mr. Birtel. And there is . . . a similarity of identity between the defendants in

this case and the other cases . . . that Mr. Leon has brought. All of them arise from the same subject matter . . . -- the use of the battery and the subsequent article that appeared on nextgov.com.

And I understand, Mr. Leon, that you take great dispute and umbrage at some of the statements that were made, that these articles continue to be out there, that you have suffered consequences as a result of these publications, but I can't decide any of those underlying issues. The only ability I have to make a decision at this point is whether the -- this lawsuit arises from that same set of facts as does the earlier lawsuits that have been addressed, and I find that they do.

Those earlier lawsuits were litigated to judgment even though the judgment was not based on a resolution of the disputed issues but . . . on legal grounds, they were fully and finally resolved by judgment. And the fact that an interference with business expectancy was not a claim that was explicitly raised before doesn't preclude that finding.

There is a close relationship and a logical connection between that particular cause of action and other claims for defamation that have previously been brought. And as [counsel] noted, under Washington law it is not required that there be a precise identity between the claims if in fact they are arising from the same circumstances and nucleus [of facts].

And as I noted, . . . if it wasn't explicit in my earlier discussion, the prior cases were litigated to judgment. And so under those findings, the doctrine of claim preclusion, or res judicata, does apply here to preclude Mr. Leon's claims brought in this King County action.

I'll also mention that, you know, I've read a couple of times now the Arizona District Court Order in the 226 case, Leon vs. Meggitt, and it does create an explicit injunction against further litigation arising out of these facts, which would cover this case in King County. Now, I realize that is on appeal to the Ninth Circuit, but there has been no decision yet in that appeal, and so for my purposes, the injunction is still operative, and so that would be a second basis on which to grant the Defendant's motion, although I am also finding that res judicata applies here.

Accordingly, the Defendants' Motion for Summary Judgment is granted and the Plaintiff's claims are dismissed.[5]

Leon appeals.

---

[5] Report of Proceedings (June 26, 2015) at 24-26.

## CONTINUANCE

Leon first challenges the court's denial of his motion for a continuance to conduct discovery. Under CR 56(f), a court may order a continuance to allow a party opposing summary judgment to conduct discovery. We review for abuse of discretion a trial court's denial of a CR 56(f) motion for a continuance.[6]

Whether res judicata bars an action is a question of law, not fact.[7] Likewise, whether the injunction bars Leon's claims is also a question of law.[8] Given the legal questions presented, the court did not abuse its discretion in concluding that discovery was unnecessary for Leon to submit his response to the motion to dismiss. In addition, Leon failed to demonstrate below how discovery would assist him in responding to the res judicata claim. A motion for a continuance is properly denied if the moving party does not outline the evidence that is sought and demonstrate how the new evidence would support the party's position.[9] The superior court did not abuse its discretion in denying a continuance.[10]

---

[6] Bavand v. OneWest Bank, No. 74347-3, slip op. at 4 (Wash. Ct. App. Nov. 28, 2016).

[7] Ensley v. Pitcher, 152 Wn. App. 891, 899, 222 P.3d 99 (2009).

[8] See U.S. v. State of Washington, 761 F.2d 1419, 1421 (9th Cir. 1985) (interpretation of injunction and its application to undisputed facts is a question of law).

[9] CR 56(f); Briggs v. Nova Servs., 135 Wn. App. 955, 961-62, 147 P.3d 616 (2006).

[10] See Van Dinter v. City of Kennewick, 64 Wn. App. 930, 937, 827 P.2d 329 (1992), aff'd, 121 Wn.2d 38, 846 P.2d 522 (1993) ("[W]here the discovery sought would not meet the issue that the moving party contends contains no genuine issue of fact, it is

## SUMMARY JUDGMENT / RES JUDICATA

Summary judgment is proper "only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[11] Leon contends the court erred in granting summary judgment because it misapplied the doctrine of res judicata. We review a dismissal based on *res judicata* de novo.[12]

A claim is barred by the doctrine of *res judicata* if the claim was or could have been raised in earlier litigation in which there was identity of (a) subject matter, (b) cause of action, (c) persons and parties, and (d) quality of persons.[13] The doctrine prevents piecemeal litigation, ensures the finality of judgments, and promotes judicial efficiency and fairness to litigants.[14] The prior action must have been litigated to a valid and final judgment on the merits.[15] A grant of summary judgment or a dismissal under CR 12(b)(6) is a final judgment on the merits.[16]

---

not an abuse of discretion to decide the motion for summary judgment without granting discovery.").

[11] Scrivener v. Clark Coll., 181 Wn.2d 439, 444, 334 P.3d 541 (2014); see also CR 56(c).

[12] Emeson v. Dep't of Corr., 194 Wn. App. 617, 626, 376 P.3d 430 (2016).

[13] Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995); Williams v. Leone & Keeble, Inc., 171 Wn.2d 726, 730, 254 P.3d 818 (2011).

[14] Spokane Research & Defense Fund v. City of Spokane, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005); Storti v. Univ. of Wash., 181 Wn.2d 28, 40, 330 P.3d 159 (2014).

[15] Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 865, 93 P.3d 108 (2004).

[16] DeYoung v. Cenex Ltd., 100 Wn. App. 885, 892, 1 P.3d 587 (2000); see In re Personal Restraint of Metcalf, 92 Wn. App. 165, 175 n.6, 963 P.2d 911 (1998).

Applying these principles here, we conclude the superior court properly dismissed Leon's complaint on the basis of res judicata.

*Identity of Subject Matter*

Leon's current and prior actions involve the same subject matter. In Leon v. Meggitt, (CV 13-287 TUC JGZ) (filed April 25, 2013), Leon's complaint focused on the alleged defamatory statements in the 2013 on-line article, statements about the battery fire made by Boeing spokesperson Marc Birtel, and statements made by Leon's former employer, Securaplane. Two other federal suits filed by Leon in 2013 were "dismissed as duplicative" of Leon v. Meggitt, (CV 13-287 TUC JGZ) (filed April 25, 2013).[17]

In the subsequent suit resulting in the vexatious litigant injunction, the federal district court dismissed Leon's tort and defamation claims against a number of defendants, including Boeing, because they were "identical to the claims adjudicated [in Leon v. Meggitt, (CV 13-287 TUC JGZ) (filed April 25, 2013)]."[18] The court also ruled that its grounds for dismissal applied equally to a group of defendants Leon unsuccessfully attempted to add to the suit, including respondent Marc Birtel.[19] The court noted that Leon's prior suits "all in one way or another assert that defendants committed defamation, libel, slander, via the internet in 2013."[20] In addition, the court dismissed Leon's Title VII claim based

---

[17] Leon v. Meggitt PLC, 2014 WL 4681559, No. CV 14-226 TUC DCB, at 3.

[18] Id. at 4.

[19] Id.

[20] Id.

on defamatory statements allegedly made in retaliation for Leon's expressed concerns about the battery's safety.

Similarly, Leon's suit in the federal district court for the Western District of Washington[21] alleged "adverse consequences in connection with an investigation into problems with a battery aboard a new model Boeing airplane" and asserted a cause of action for "Defamation Invasion of Privacy False Light Emotional Distress."

Leon's complaint in the present case once again relies on the 2013 internet statements and alleges that Birtel and the Boeing Company "acted with negligence or malice when making the false and defamatory statements." Leon's tortious interference claim rests on allegations that the defendants wrongfully interfered with Leon's ability to obtain employment by using "improper means" – i.e., "false and defamatory communications." It also rests on a claimed improper motive – i.e., a retaliatory vendetta manifested in "a campaign to defame Plaintiff" and "discredit [his] safety concerns."

In sum, the instant litigation and Leon's prior actions share the same subject matter.

### Identity of Causes of Action

The second requirement—whether the cases share an identity of causes of action -- is also satisfied. Courts consider four factors in assessing this requirement: "(1) whether rights or interests established in the prior judgment

---

[21] Leon v. Exponent, et al., Case 2:14-CV-00095-RAJ (W.D. Wash, February 21, 2014).

would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."[22] We address each factor in turn.

First, the rights and interests established in Leon's prior actions would plainly be impaired if the present action were allowed to proceed. Some of the prior decisions dismissed Leon's defamation claims with prejudice and enjoined him from filing any more suits based on the alleged defamatory statements in 2013.[23] If allowed to proceed, the present action for defamation and tortious interference with a business expectancy would impair those established rights.

Second, as noted above, Leon relies on essentially the same evidence – i.e., the alleged defamatory statements in 2013 – for all of his causes of action, including his current tortious interference claim. Leon's complaint alleged tortious interference due to respondents using improper means such as false and defamatory statements. This is the same evidence underlying the prior actions. Although the complaint also alleged tortious interference based on an "improper motive," Leon did not argue at summary judgment, and does not argue on appeal, that these allegations constitute alternative bases for his tortious

---

[22] DeYoung, 100 Wn. App. at 892 (quoting Kuhlman v. Thomas, 78 Wn. App. 115, 122, 897 P.2d 365 (1995)).

[23] Leon v. Meggitt PLC, CV 14-226 TUC DCB, at 12 (D. Arizona, Sept. 19, 2014) (dismissing causes of action with prejudice, enjoining further actions, and noting that some prior dismissals were "without leave to amend because the claims were frivolous.").

interference claim. In any event, a separate tortious interference claim based on improper motive would also be barred because, as pleaded by Leon, it rests on the same previously litigated acts of defamation. Leon's complaint describes the respondents' motive as a retaliatory vendetta manifested in "a campaign to defame Plaintiff" and "discredit [his] safety concerns." These allegations are based on the same evidence of defamation and retaliation at issue in the prior suits.

Third, all of Leon's lawsuits involve infringement of the same right – i.e., the right to not be defamed.

And fourth, the suits arise from the same transactional nucleus of facts.[24]

*Identity of Persons and Parties and Quality of Persons*

Res judicata requires "that the first and second proceedings involve an identity as to persons and parties, and an identity as to the 'quality of the persons for or against whom the claim is made.'"[25] These requirements boil down to a

---

[24] Cf. Krepps v. Reiner, 588 F. Supp. 2d 471, 485 (S.D.N.Y. 2008), aff'd, 377 F. App'x 65 (2d Cir. 2010) (dismissing intentional interference with contract claim because "Plaintiff is not permitted to dress up a defamation claim as a claim for intentional interference with a prospective economic advantage. . . . The Court has already held that Krepps' allegations with regard to the [alleged defamatory] letter are insufficient to state a cause of action for defamation."); Pasqualini v. MortgageIT, Inc., 498 F. Supp. 2d 659, 669-70 (S.D.N.Y. 2007) (holding that claim for intentional interference with a business expectancy based solely on negative statements allegedly harming her business reputation was in essence a defamation claim, and therefore subject to statute of limitations applicable to such claims).

[25] 14A Karl B. Tegland, Washington Practice: Civil Procedure § 35:27, at 534 (2d ed. 2009).

rule "that a judgment is res judicata, and therefore binding, on all parties to the original litigation, plus all persons in privity with such parties."[26]

Here, the parties dispute whether respondents Boeing and Birtel were defendants in any of Leon's prior suits. Respondents contend Boeing and Birtel were both defendants in Leon v. Exponent, et al., 14-CV-0095 (W.D. Wash. Jan. 27, 2014). They did not, however, provide the superior court or this court with a copy of the complaint in that action. Nothing in the record resolves the parties' dispute on this point. Although Boeing was a named defendant in Leon v. Boeing, et al., (CV 13-286 TUC JGZ) and Leon v. Meggitt PLC, CV 14-226 TUC DCB (D. Arizona, Sept. 19, 2014), Birtel was not a named defendant in either case.

Respondents correctly point out, however, that the court in the latter case held that the Leon's claims would be equally meritless, and thus futile, if brought against Birtel and others Leon proposed to add to his complaint. "A court's determination that a proposed amendment to a complaint would be futile operates as a judgment on the merits of the proposed claim."[27] And the court expressly stated that its injunction against further actions based on the alleged defamatory statements applied both to any such actions against Birtel, "the Boeing Company" and "Boeing Corporation."[28] Courts "may bind nonparties to

---

[26] Id.

[27] SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 764 F.3d 1327, 1344 (11th Cir. 2014).

[28] Leon v. Meggitt PLC, 2014 WL 4681559, No. CV 14-226 TUC DCB, at 12.

the terms of an injunction or restraining order to preserve [their] ability to render a judgment in a case over which [they have] jurisdiction."[29]

In addition, we have held that persons in privity with defendants in prior suits are viewed as the same party for purposes of res judicata.[30] When, as here, a prior suit against an employer is based on the actions of its employees, the employer/employee relationship is sufficient to establish privity and bar a subsequent action against the employee based on res judicata.[31] This holding applies equally here. Leon's prior suits against Boeing for the actions of its employees establishes privity with its employees and bars his suit against Boeing employee Marc Birtel. Accordingly, we conclude the lawsuits share an identity of persons and parties or parties in privity.

Leon's claim that his prior suits were against the Boeing Corporation, not The Boeing Company, is unpersuasive. Leon contends "[t]here is no entity named Boeing Corporation. There is only The Boeing Company." But as respondent Boeing Company correctly points out, it appeared in and defended against Leon's prior complaints and "Leon cannot capitalize on his own pleading errors, when beyond question he intended to sue, and did sue, Boeing in those prior cases." We agree.

---

[29] United States v. Paccione, 964 F.2d 1269, 1274-75 (2nd Cir. 1992).

[30] Kuhlman, 78 Wn. App. at 121-22.

[31] Id.

- 13 -

*Final Judgment*

The prior actions on which our res judicata analysis rests were final judgments. The court in Leon v. Meggitt, (CV 13-287 TUC JGZ) (filed April 25, 2013) "addressed the merits" of Leon's claims and dismissed them with prejudice. The court in Leon v. Meggitt PLC, CV 14-226 TUC DCB (D. Arizona, Sept. 19, 2014) found Leon's claims "patently without merit" and dismissed them with prejudice. And the federal district court in Leon v. Exponent ruled the complaint was frivolous and failed to state a claim on which relief could be granted. These are final judgments for purposes of res judicata.

## INJUNCTION

The superior court also dismissed this case on the alternative ground that it was barred by the injunction issued in Leon v. Meggitt PLC, No. CV 14-226 TUC DCB, 2014 WL 4681559, at 12 (D. Ariz. Sept. 19, 2014).[32] Leon challenges the injunction on various grounds but cites no authority allowing him to collaterally attack a federal court injunction in state court. Furthermore, he appealed the injunction to the Ninth Circuit, which recently upheld it against Leon's argument, advanced here, that it was not narrowly tailored.[33] And he

---

[32] The court broadly enjoined "actions arising directly or indirectly from measures taken by [Leon] in respect to the lithium ion battery within the context of his employment relationship with Securaplane, its parent corporate entities or subsidiaries, *the Boeing Company, its clients or entities providing services to Boeing, and past or future employees or non-employee individuals, who [Leon] alleges to be "representing" these entities.*" (Emphasis added.)

[33] Leon v. Boeing Company, __ Fed. App'x __, 2016 WL 5800479 (Oct. 5, 2016).

cites no authority that bars the state court from observing, as a matter of comity, the restrictions of a federal injunction. For all these reasons, Leon fails to demonstrate any error in the superior court's conclusion that the injunction bars this action.

We affirm the order of summary judgment.

Cox, J.

WE CONCUR: