**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN GIEL,<br><br>          Plaintiff - Appellee,<br><br>   v.<br><br>GENERAL MOTORS ACCEPTANCE CORPORATION,<br><br>          Defendant - Appellant,<br><br>   and<br><br>RICHARD CANO and BANK OF AMERICA,<br><br>          Defendants. | No. 09-35115<br><br>D.C. No. 3:07-cv-05270-RJB<br><br>MEMORANDUM[*] |
| KEVIN GIEL,<br><br>          Plaintiff - Appellant,<br><br>   v.<br><br>GENERAL MOTORS ACCEPTANCE CORPORATION, | No. 09-35144<br><br>D.C. No. 3:07-cv-05270-RJB |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendant - Appellee,

and

RICHARD CANO and BANK OF
AMERICA,

Defendants.

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted June 8, 2010
Seattle, Washington

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

As a general rule, we will not review the denial of a summary judgment motion after a full trial on the merits. *Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1359 (9th Cir. 1987). Even if the district court erred in concluding there were genuine issues of material fact that precluded it from granting GMAC's summary judgment motion, a legal error of that sort does not fall within the exception to our general rule. *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.*, 382 F.3d 897, 902 (9th Cir. 2004). Accordingly, we decline to reach GMAC's appeal of the district court's denial of its summary judgment motion.

Contrary to GMAC's argument, Giel was not required to prove culpable participation as part of his prima facie case. *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1575 n.24 (9th Cir. 1990) (en banc); *see Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996); *Arthur Children's Trust v. Keim*, 994 F.2d 1390, 1398 (9th Cir. 1993).

We do not reach GMAC's challenges to the sufficiency of the jury's verdict on the federal securities claim, and Giel's challenges to the sufficiency of the jury's verdict on the state securities claim because neither GMAC nor Giel filed a Rule 50 motion for judgment as a matter of law. Accordingly, we are precluded from reviewing the jury's verdict for sufficiency of the evidence, even for plain error. *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007); *see Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404–05 (2006).

Even assuming the jury's verdicts on the state and federal claims were inconsistent, the verdicts were general as opposed to special verdicts and therefore there is no legal basis to set them aside here. *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035, 1037 (9th Cir. 2003).

Because Giel failed to produce evidence that would allow a jury to determine (without speculation) that GMAC's supervision proximately caused Giel to invest in the Alaska venture, *Briggs v. Nova Servs.*, 147 P.3d 616, 622 (Wash.

Ct. App. 2006), *Estate of Bordon ex rel. Anderson v. Dep't of Corr.*, 95 P.3d 764, 773 (Wash. Ct. App. 2004), we uphold the district court's dismissal of this claim.

**Appeal No. 09-35115 is AFFIRMED.**

**Appeal No. 09-35144 is AFFIRMED.**