09-1617-cv
Krepps v. Reiner

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand ten.

PRESENT:  REENA RAGGI,
                    PETER W. HALL,
                                *Circuit Judges.*[*]

-------------------------------------------------------------------------------
MATTHEW B. KREPPS,

                       *Plaintiff-Appellant,*

        v.                                   No. 09-1617-cv

EDWARD REINER,

                       *Defendant-Appellee,*

INSEAD, INSEAD NORTH AMERICA, MICHAEL C. MILLER,

                       *Defendants.*
-------------------------------------------------------------------------------

APPEARING FOR APPELLANT:    MATTHEW B. KREPPS, *pro se*, Boston, Massachusetts.

_____

[*] Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).

APPEARING FOR APPELLEE: EDWARD REINER, *pro se*, Pound Ridge, New York.

Appeal from the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 15, 2009, is AFFIRMED.

This is the fifth lawsuit filed by pro se plaintiff Matthew Krepps arising from his development of online course materials for Insead, an international business school. Krepps now appeals from that part of a judgment dismissing his fraud and copyright infringement claims against pro se defendant Edward Reiner as precluded by a prior judgment dismissing a breach of contract claim brought by Krepps's company, the Economist's Advocate, against Reiner's former employer, Cognitive Arts Corp. See Economist's Advocate, LLC v. Cognitive Arts Corp., No. 01 Civ. 9468, 2004 WL 2650906, at *2-4 (S.D.N.Y. Nov. 22, 2004) (the "EA action").[1] We review the district court's preclusion determination de novo. See EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007); Chartier v. Marlin Mgmt., LLC, 202 F.3d 89, 93 (2d Cir. 2000). In doing so, we assume the

_____

[1] During the course of the EA action, the district court initially entered judgment for the Economist's Advocate on its claim against Cognitive Arts based on Cognitive Arts's lack of opposition. In denying motions for summary judgment made by both Insead and the Economist's Advocate, the district court vacated this judgment sua sponte, see Economist's Advocate, LLC v. Cognitive Arts Corp., No. 01 Civ. 9468, 2004 WL 728874, at *10-12 (S.D.N.Y. Apr. 6, 2004), and eventually dismissed the Economist's Advocate's claim against Cognitive Arts, see Economist's Advocate, LLC v. Cognitive Arts Corp., 2004 WL 2650906, at *4.

2

parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

The preclusive effect of a federal court judgment is determined by federal common law and is "defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, ___, 128 S. Ct. 2161, 2171 (2008). Claim preclusion "forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Id. (internal quotation marks omitted). Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Id. (internal quotation marks omitted). Together, these doctrines "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." Id. (internal quotation marks and alterations omitted).

1.    Procedural Challenges

Krepps contends that Reiner waived his res judicata defense by not asserting it and that the district court erred in dismissing his claims against Reiner sua sponte. This argument is contrary to the precedent of both the Supreme Court and this court. See Arizona v. California, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has

3

not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." (internal quotation marks omitted)); Scherer v. Equitable Life Assurance Soc'y of the United States, 347 F.3d 394, 398 n.4 (2d Cir. 2003) ("[A] court is free to raise [res judicata] sua sponte, even if the parties have seemingly waived it."); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4405, at 85-86 (2d ed. 2002) (hereinafter "Wright & Miller") ("Res judicata goes beyond the interest of at least one party in repose and avoiding the burdens of relitigation. . . . As courts become increasingly concerned with their own interests in forestalling repetitive litigation, it has become increasingly common to raise the question of preclusion on the court's own motion.").

2. Fraud Claim

Krepps submits that the district court erred in concluding that his fraud claim against Reiner was subject to issue preclusion because (1) Reiner was not a party to the EA action and (2) the issue of fraud was not "actually litigated and actually decided." Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008).

Focusing first on the second point, even if we were to conclude that fraud had not been litigated in the EA action, we would identify no error warranting remand because this action would still be barred by the doctrine of claim preclusion, which "'extinguish[es] . . . all rights of the plaintiff to remedies against the defendant with respect to all or any part of

4

the transaction, or series of connected transactions, out of which the action arose.'" Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 600 F.3d 190, 196 (2d Cir. 2010) (quoting Restatement (Second) of Judgments § 24(1) (1982)); see also ACEquip Ltd. v. Am. Eng'g Corp., 315 F.3d 151, 155 (2d Cir. 2003) (permitting affirmance on any ground appearing in record).

A plaintiff cannot avoid the preclusive effect of a judgment simply by "splitting" his claim into various suits based on different legal theories. Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 110 (2d Cir. 2000); see also 18 Wright & Miller, supra, § 4408, at 189-90 ("Efforts to recast an unsuccessful contract case into a second tort action commonly fail."). While the legal elements of breach of contract and fraud differ under New York law, "[i]t is th[e] identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [plaintiff] chose to frame [his] complaint." Woods v. Dunlop Tire Corp., 972 F.2d 36, 39 (2d Cir. 1992). Here, as the district court noted, Krepps's fraud claim arose out of the same contract and relied on the same factual allegations involved in the EA action. Our review shows that the facts of Reiner's alleged fraud were known to Krepps when he filed the EA action. That these facts were supplemented in some sense by what Krepps learned in discovery does not permit him to bring a successive suit based on the same transaction.[2]

_____

[2] That Reiner may have concealed his actions from Cognitive Arts or Insead does not alter our conclusion that Krepps's fraud claim arises out of the same factual circumstances as his earlier breach of contract claim. Indeed, unlike Cognitive Arts and Insead, Krepps

5

As for Reiner not being a party to the EA action, claim preclusion bars a second suit "involving the same parties or their privies." Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 502 (2001) (emphasis added; internal quotation marks omitted). As the Supreme Court has observed, the term "privity" is now used broadly "to describe various relationships between litigants that would not have come within the traditional definition of that term." Richards v. Jefferson County, Ala., 517 U.S. 793, 798 (1996) (citing Restatement (Second) of Judgments); see also Tourangeau v. Uniroyal, Inc., 101 F.3d 300, 306-07 (2d Cir. 1996) (relying on Richards and using Restatement to determine when nonparty is in "privity" with party to prior judgment).[3]

Even if Reiner were not an officer of Cognitive Arts, it is undisputed that he was an employee acting within the scope of his employment in connection with the matter here at issue. Thus, Cognitive Arts clearly had a relationship of vicarious liability with Reiner supporting a determination of privity for the purpose of claim preclusion. See Restatement (Second) of Judgments § 51 & cmt. b. In such circumstances, subject to exceptions not relevant here, "[a] judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim he has against the other person responsible for his conduct." Id. § 51(1). The district court, therefore, correctly

negotiated with Reiner and was therefore aware of Reiner's role in the transaction.

[3] Krepps does not dispute the district court's conclusion that he is bound by the judgment in the EA action because he owned and controlled Electronic Arts. Accordingly, we limit our analysis to whether Reiner was in privity with Cognitive Arts for preclusion purposes.

6

concluded that Krepps cannot now relitigate his rights with respect to the same series of transactions at issue in the EA action.

Accordingly, the district court properly dismissed Krepps's fraud claim.

3.      Copyright Infringement Claim

To the extent Krepps also challenges the district court's dismissal of his copyright infringement claim against Reiner, see Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) (deeming insufficiently argued issues waived), we agree with the district court that Krepps's interest in intellectual property is subject to issue preclusion because it was actually litigated and decided in the EA action, see Ali v. Mukasey, 529 F.3d at 489. There, Krepps's company, the Economist's Advocate, asserted that Krepps had assigned to it his interest in the subject course materials. Put simply, when the Economist's Advocate asked the jury to compensate it for the fair value of its intellectual property rights and the jury returned a verdict to that effect, the issue of Krepps's assignment of his interest in the relevant copyright was litigated and decided. See generally 18 Wright & Miller, supra, § 4420, at 521 ("[T]he simple fact of victory or defeat of a plaintiff or defendant establishes decision of all the issues that would have had to be resolved to support the result."). Krepps is, thus, estopped from now asserting that he did not make such an assignment until 2009, after the EA action,

7

and from seeking to recover personally for damages related to copyright infringement of the same course materials.[4]

We have considered Krepps's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court, and we DENY Krepps's application to vacate the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[4] To the extent these issues were raised in a dispute between Krepps and Insead and Insead Online, Krepps is still precluded from relitigating them after a full and fair opportunity for litigation in the EA action. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326-28 (1979); Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 328-29 (1971).