# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JOHN A. HIVELY,<br><br>Appellant,<br><br>v.<br><br>PORT OF SKAMANIA COUNTY,<br>WASHINGTON, a Washington municipal<br>corporation,<br><br>Respondent. | No. 46875-1-II<br><br>UNPUBLISHED OPINION |

SUTTON, J. — John A. Hively appeals the trial court's order granting summary judgment,

denying reconsideration, and dismissing his negligence claim against the Port of Skamania County

(the Port) for injuries caused by his fall in one of the Port's parks, Teo Park. Hively argues that

the trial court erred in ruling that the Port is entitled to immunity under the recreational use statute,

former RCW 4.24.210(1) (2009),[1] because material issues of fact exist as to whether the place that

he fell was sufficiently attenuated from the fee-generating areas of the Port's properties and

whether there was a latent condition. Because we disagree, we affirm the trial court's order

granting summary judgment and dismissal.

## FACTS

Hively traveled to Teo Park in Stevenson, Washington, a property owned by the Port on

the Columbia River waterfront. Teo Park is physically connected to two other Port properties,

---

[1] RCW 4.24.210 was amended in 2011 and 2012, although those changes do not have any effect
on our analysis.

Bob's Beach and Stevenson Landing, by an asphalt path. There is a restroom along this path, which has a second path that is not at issue here that also provides access to the restroom.

Hively headed down the asphalt path, which was shaded by trees. After a few steps, Hively tripped and fell onto the path, injuring himself. In his deposition testimony, Hively stated that when he fell he was looking straight ahead, and he did not see the pothole due to a shadowed area created by the bright sun. Hively expected that the path would be hazard-free, and before he fell he did not notice any potholes or irregularities on the path.

The Port does not charge a fee to enter Teo Park, Bob's Beach, or Stevenson Landing, and they are open to the public. The restroom is also open to the public, except during the winter season when it is closed. Occasionally, the Port rents Teo Park to private parties for a fee, but the path along the waterfront and the restroom remain open to the public while the park is rented. The Port also charges cruise ships a fee to dock at the pier at Stevenson Landing, but again the pier remains accessible to the public without a fee even when ships are docked there.

The path along the waterfront on the way to the restroom, where Hively fell, was paved with asphalt in 1997, but over time the surface of the path had become broken and irregular. The Port knew about the condition of the path, but did not consider it to be dangerous because the irregularities were "open and obvious and consistent with other rough or natural trails on Port park property." Clerk's Papers at 54 (CP). Prior to Hively's fall, the Port had not installed signs warning of the path's conditions. Hively's lawsuit was the first time the Port had heard of a person tripping on this particular path.

Hively sued the Port for negligence. The Port moved for summary judgment, arguing that it was entitled to recreational use immunity under former RCW 4.24.210. Hively cross-moved for summary judgment. The trial court granted the Port's motion for summary judgment, denied

Hively's motion, dismissed Hively's claim with prejudice, and denied Hively's motion for reconsideration. Hively appealed.

ANALYSIS

I. STANDARD OF REVIEW

We review a trial court's grant of summary judgment de novo and engage in the same inquiry as the trial court. *Wash. Fed. v. Harvey*, 182 Wn.2d 335, 339, 340 P.3d 846 (2015). Summary judgment is proper where, viewing the facts in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). When the supporting facts are undisputed, the trial court may determine immunity as a question of law. *Camicia v. Howard S. Wright Constr. Co.*, 179 Wn.2d 684, 693, 317 P.3d 987 (2014). We review a trial court's ruling on a motion for reconsideration for abuse of discretion. *Landstar Inway, Inc. v. Samrow*, 181 Wn. App. 109, 120, 325 P.3d 327 (2014).

II. RECREATIONAL USE IMMUNITY

Hively argues that the Port is not entitled to summary judgment because the Port is not immune from suit under the recreational use immunity statute, former RCW 4.24.210. We disagree.

Under former RCW 4.24.210, landowners who allow the public to use their land for recreational purposes without charging a fee are immune from suit for unintentional injuries that occur on the land. Former RCW 4.24.210(1) creates an exception to common law invitee premises

liability.[2] *Camicia*, 179 Wn.2d at 694. The purpose of recreational use immunity is to encourage landowners and those in lawful possession of land to make it available to the public for recreational purposes by limiting their liability. RCW 4.24.200; *Jewels v. City of Bellingham*, 183 Wn.2d 388, 394, 353 P.3d 204 (2015).

To be entitled to immunity under the recreational use statute, the landowner must prove that the land in question is (1) open to members of the public, (2) for recreational purposes, and (3) for which "'no fee of any kind [is] charged.'" *Camicia*, 179 Wn.2d at 695-96 (quoting *Cregan v. Fourth Mem'l Church*, 175 Wn.2d 279, 284, 285 P.3d 860 (2010)). The landowner bears the burden to prove entitlement to immunity because recreational use is an affirmative defense. *Camicia*, 179 Wn.2d at 693. Hively concedes that the Port meets the first and second elements, but argues that the Port fails to meet the third element because the Port charges a fee to cruise ships to dock at Stevenson Landing and to parties who wish to exclusively rent Teo Park.

A landowner may charge a fee to use part of its land and maintain immunity for recreational use of the remainder of the land. *Plano v. City of Renton*, 103 Wn. App. 910, 914, 14 P.3d 871 (2000). To maintain recreational use immunity and charge a fee, "[a] landowner must only show that it charges no fee for using the land or water area where the injury occurred." *Plano*, 103 Wn. App. at 915. A landowner is not entitled to immunity when the place that the injury occurred is a "necessary and integral part" of the fee-generating area. *Plano*, 103 Wn. App. at 915. It is

---

[2] Any public or private landowners or others in lawful possession and control of water areas or channels and lands adjacent to such areas or channels, who allow members of the public to use them for the purposes of outdoor recreation, including but not limited to camping, picnicking, swimming, hiking, bicycling, or viewing or enjoying scenic sites *without charging a fee of any kind*, shall not be liable for unintentional injuries to such users. *See* former RCW 4.24.210(1) (emphasis added).

undisputed that the Port does not charge a fee for public use of either the path where Hively fell or the restroom to which the path led.

Hively relies on *Plano* to argue that the path where he fell was a necessary and integral part of the Port's fee-generating areas (i.e., the pier and Teo Park itself when it is rented exclusively) as a matter of law. In *Plano*, anyone who used the dock, the fee-generating area in that case, was required to use one of two connecting ramps that led to the dock where Plano's injury occurred. *Plano*, 103 Wn. App. at 915. The ramps had been built specifically to provide access to the dock and a paying patron could not pay the required fee without walking up one of the ramps. *Plano*, 103 Wn. App. at 915. Thus, the *Plano* court held that the undisputed facts established that the ramps were a necessary and integral part of the dock and the City of Renton was not entitled to immunity when a non-paying user injured herself on one of them. *Plano*, 103 Wn. App. at 915.

The facts of this case are not analogous to *Plano*. A person is not *required* to pay for or use either the path or the restroom as a part of any paid access for or use of either Teo Park or the pier. Hively concedes that it is unnecessary for a person to reach the restroom by walking on the path where he fell because another path also provides access to the restroom from the pier. No evidence suggests that the path where Hively's injury occurred was constructed specifically for the purpose of providing access to the Port's fee-generating areas. While John McSherry, the executive director of the Port, agreed that the restroom is "a key part" of Teo Park and that it is an "important part of all of the recreation activities that occur on the waterfront," this fact is undisputed and thus the trial court could determine the issue of immunity as a matter of law. CP at 111, 204. Therefore, following the reasoning of *Plano*, there is no genuine issue of material fact that the path or the restroom were an integral part of the Port's fee-generating areas and the

trial court properly granted summary judgment to the Port under former RCW 4.24.210.[3] Necessarily, the trial court also properly denied Hively's motion for reconsideration.

III. LATENT CONDITION

Hively also argues that the trial court improperly granted summary judgment in favor of the Port because a question of fact remained on whether the condition of the path where Hively fell was latent. We disagree.

"Nothing in [former RCW 4.24.210] shall prevent the liability of a landowner or others in lawful possession and control for injuries sustained to users by reason of a known dangerous artificial latent condition for which warning signs have not been conspicuously posted." Former RCW 4.24.210(4)(a). Our Supreme Court also recently clarified that for a plaintiff to hold a landowner liable under former RCW 4.24.210(4)(a), the condition must satisfy a known, dangerous, artificial, and latent condition and that each of these four adjectives "modify the noun [condition] independent of one another." *Jewels*, 183 Wn.2d at 397 (citing *Van Dinter v. City of Kennewick*, 121 Wn.2d 38, 45 n.2, 846 P.2d 522 (1993)). Thus, the landowner owes a duty to public invitees to warn of latent conditions even if the landowner is entitled to immunity for recreational use. *Camicia*, 179 Wn.2d at 702. While the Port knew that the surface of the path had become irregular and "consistent with other rough or natural trails on Port park property," this lawsuit was the first time that the Port had any knowledge of a person tripping on this path. CP at 54.

---

[3] While the trial court stated, "My finding is that the restroom can be reached by other access routes. And . . . the path does not exist to provide access to the pier or park," contrary to Hively's argument, the use of the word "finding" does not transform an issue of law into an issue of fact. Verbatim Report of Proceedings at 10-11. Furthermore, to the extent the trial court actually made a finding of fact by using that word, Hively did not object, and therefore he has waived that issue. RAP 2.5(a).

A condition is latent when it is not readily-apparent to the recreational user of the land. *Jewels*, 183 Wn.2d at 398. Whether the plaintiff noticed the condition is irrelevant to this objective inquiry. *Jewels*, 183 Wn.2d at 398 (what one particular recreational user sees "'is immaterial'") (quoting *Widman v. Johnson*, 81 Wn. App. 110, 114-15, 912 P.2d 1095 (1996)). Instead, we ask "whether the condition is readily apparent to the general class of recreational users." *Jewels*, 183 Wn.2d at 398. We focus on whether the condition itself is readily apparent to recreational users, rather than the "specific risk" that the condition poses. *Ravenscroft v. Water Power Co.*, 136 Wn.2d 911, 925, 969 P.2d 75 (1998). We analyze the condition in the context of other factors and not the condition in isolation. *Cultee v. City of Tacoma*, 95 Wn. App. 505, 516-17, 977 P.2d 15 (1999).

Hively cites *Ravenscroft* and *Cultee* to support his argument that the issue of latency is a genuine issue of material fact here. But in *Ravenscroft* the injury-causing condition, submerged stumps covered by water that concealed them, created a genuine issue of fact on whether the condition was latent.[4] *Ravenscroft*, 136 Wn.2d at 925-26. Similarly, in *Cultee*, the injury-causing condition, the muddy water on the road hiding the eroded edge and the steep drop off into the deep adjacent water, was not readily apparent.[5] *Cultee*, 95 Wn. App. at 522. Thus, neither the *Ravenscroft* court nor the *Cultee* court could say that the condition was obvious as a matter of law.

---

[4] The submerged stumps near the middle of the channel were not obvious or visible as a matter of law when the driver of a boat saw no floating debris or stumps of any kind in the water and there was no indication of the presence of any submerged objects or hazards in the direction he was traveling. *Ravenscroft*, 136 Wn.2d at 916. Further, other witnesses filed affidavits that they had seen others come into contact with the submerged condition, which indicated that they were not readily apparent. *Ravenscroft*, 136 Wn.2d at 925.

[5] *Cultee* also presented a genuine issue of material fact regarding precisely what condition led to the plaintiff's death. *Cultee*, 95 Wn. App. at 523. This issue was central to the appellate court's holding that summary judgment was improper based on the latency question. No such question exists in this case.

No such analogous facts exist in this case. Hively testified that he did not see the pothole when he was looking straight ahead as he walked, and he was not expecting a hazard to be on the path. But, unlike the plaintiffs in *Ravenscroft* and *Cultee*, Hively did not present any evidence that the pothole was not readily apparent to the general class of recreational users. No evidence suggests that the pothole was physically submerged, as in *Ravenscroft*, or otherwise covered or hidden, as in *Cultee*. Thus, there is no genuine issue of material fact regarding latency in this case. Therefore, the trial court properly granted summary judgment in favor of the Port and properly denied Hively's motion for reconsideration.

CONCLUSION

We hold that the trial court properly granted summary judgment to the Port because no genuine issue of material fact existed on whether the Port was entitled to immunity or whether the pothole was a latent condition. Therefore, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

BJORGEN, A.C.J.

MELNICK, J.

8